## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 16-107 (DWF/LIB) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Francisco Javier Pena-Gutierrez, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Court on Defendant Francisco Javier Pena-Gutierrez's *pro se* motion for compassionate release. (Doc. No. 49.) The United States of America (the "Government") opposes the motion. (Doc. No. 57.) Separately, Pena-Gutierrez moves to reduce his sentence pursuant to Amendment 821. (Doc. No. 49.) The Court will address the motion to reduce sentence in a separate order. This order is solely focused on Pena-Gutierrez's motion for compassionate release. For the reasons discussed below, the Court respectfully denies Pena-Gutierrez's motion for compassionate release.

## BACKGROUND

In 2016, Pena-Gutierrez pled guilty to possession with intent to distribute cocaine and methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (Doc. Nos. 25-26.) The Court sentenced Pena-Gutierrez to 144 months in prison and a term of 3 years of supervised release. (Doc. No. 40.) Pena-Gutierrez is currently incarcerated at

Rochester FMC with an anticipated release date of June 5, 2026. Federal Bureau of Prisons, Inmate Locator, *https://www.bop.gov/inmateloc* (last visited June 26, 2024).

In November 2020, Pena-Gutierrez moved for compassionate release on the grounds that he was at an increased risk of severe infection from COVID-19 because he is overweight and has a history of non-metastatic thyroid cancer, hypothyroidism, rheumatoid arthritis, an inguinal hernia that was repaired in 2019, and takes multiple medications, including methotrexate, that lower his immunity to COVID-19. (Doc. No. 42.) The Court denied Pena-Gutierrez's motion, reasoning that there was no indication that his conditions, alone or in combination with the presence of COVID-19, diminished his ability to provide self-care or that Rochester FMC was unable to provide proper care. (Doc. No. 48 at 8.)

Pena-Gutierrez now brings a second motion for compassionate release. (Doc. No. 49.)

## DISCUSSION

The First Step Act allows the Court to reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Such "extraordinary and compelling reasons" include (1) medical conditions which diminish the ability of the defendant to provide self-care in prison and from which he or she is not expected to recover, (2) age-related deterioration, (3) family circumstances, (4) physical or sexual abuse while in custody; (5) other extraordinary and compelling reasons that exist either separately or in combination with

2

the previously described categories; and (6) an unusually long sentence.  U.S.S.G. § 1B1.13.

If "extraordinary and compelling reasons" exist, a reduction of sentence is appropriate when "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and "the reduction is consistent with [the Sentencing Commission's] policy statement."  *Id.*  The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A).  As the movant, the defendant bears the burden to establish that he or she is eligible for compassionate release.  *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

In November 2023, the Sentencing Commission made changes to the policy statement.  The policy statement now explains that an "ongoing outbreak of infectious disease" may constitute an extraordinary and compelling circumstance if it puts defendant "at increased risk of suffering severe medical complications or death" and the risk "cannot be adequately mitigated in a timely manner."  U.S.S.G. § 1B1.13.

A defendant may move for a sentence reduction only after complying with an exhaustion requirement.  18 U.S.C. § 3582(c)(1)(A).  Specifically, a defendant may move for a sentence reduction "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . . "  *Id.*  The record reflects that the warden

denied Pena-Gutierrez's request for compassionate release on September 28, 2023. (Doc. No. 49-1 at 4.) Accordingly, the Court finds Pena-Gutierrez's motion ripe for review.

Pena-Gutierrez moves for compassionate release on the grounds that the lockdowns and quarantines that he experienced during the COVID-19 pandemic made his sentence "harsher and more punitive than would otherwise have been the case." (Doc. No. 50 at 8.) But Pena-Gutierrez's past experiences during the COVID-19 pandemic do not provide him with grounds for compassionate release now. Pena-Gutierrez has not explained how he is *currently* at increased risk of suffering severe medical complications or death due to an *ongoing* outbreak. *See* U.S.S.G. § 1B1.13. During the peak of the pandemic, the Court concluded that there was no indication that Pena-Gutierrez's conditions, alone or in combination with the presence of COVID-19, diminished his ability to provide self-care. And as the Government notes, "medical providers and institutions now have access to vaccines, anti-viral drugs, and many other disease-mitigation tools." (Doc. No. 57 at 7.)

In addition, Pena-Gutierrez argues that his effort to rehabilitate is an extraordinary and compelling reason warranting compassionate release. The policy statement makes clear, however, that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." U.S.S.G. § 1B1.13(d).

Because the Court concludes that Pena-Gutierrez has failed to demonstrate extraordinary and compelling circumstances that warrant compassionate release, the Court need not address the sentencing factors or whether Pena-Gutierrez poses a danger to the community.

4

## CONCLUSION

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Francisco Javier Pena-Gutierrez's motion for compassionate release from custody (Doc. No. [49]) is respectfully **DENIED.**

2. As noted above, the Court will rule in a separate order on Defendant Francisco Javier Pena-Gutierrez's motion to reduce sentence (Doc. No. [49]).

Dated:  July 1, 2024                               s/Donovan W. Frank
                                                                DONOVAN W. FRANK
                                                                United States District Judge

5